NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3157

MARY S. REID,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Mary S. Reid, of Charlotte, North Carolina, pro se.

Meredyth D. Cohen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.  Of counsel on the brief was Jo Ann Chabot, United States Office of Personnel Management, of Washington, DC.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3157

MARY S. REID,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: August 13, 2007

_____

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MOORE, Circuit Judge.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) affirmed the Office of Personnel Management's (OPM) denial of Mary S. Reid's application for a Federal Employees Retirement System (FERS) disability retirement annuity. Finding no reversible error, this court affirms.

I

Mary S. Reid was employed as a mail handler for the United States Postal Service (USPS) from 1997 until her removal on May 31, 2004. On April 25, 2005, Ms. Reid applied to receive a FERS disability retirement annuity. In her application, Ms. Reid alleged she was unable to perform her duties as a mail handler because of

damaged cartilage in her right knee, lower back pain, and degenerative disk disease at L3-L4. Ms. Reid further alleged she became disabled in May 1992. In support of her application Ms. Reid noted she had been receiving workers' compensation payments since November 14, 2002 for a knee condition.

Ms. Reid's application for disability included a Supervisor's Statement and an Agency Certification of Reassignment and Accommodation Efforts. In the Supervisor's Statement, Ms. Reid's supervisor characterized her performance as satisfactory. Ms. Reid's supervisor further indicated that Ms. Reid had been terminated, not because of performance, but because her attendance was unsatisfactory.

In the Agency Certification, the Manager of Distribution Operations noted that Ms. Reid failed to provide updated medical documentation as requested by OPM. The Agency Certification also stated that Ms. Reid was removed for continuous absence without leave and failure to follow instructions. Further, because Ms. Reid had been terminated, the Postal Service made no efforts to reassign her.

On October 5, 2005, OPM issued an initial decision denying Ms. Reid's application. OPM found that the medical evidence of record did not satisfy the criteria for disability retirement. On October 11, 2005, Ms. Reid asked for reconsideration, and on November 28, 2005, Ms. Reid filed a statement in support of disability retirement which included additional medical documentation. On reconsideration, OPM reviewed Ms. Reid's additional medical documentation and found that she had provided documentation establishing that she had a history of lower back and knee problems. OPM, however, also found there was no evidence Ms. Reid's condition had worsened or that it had prevented her from performing the essential duties of her position. OPM

concluded that Ms. Reid's medical documentation did not support a finding that her conditions were severe enough to render her disabled.

On April 3, 2006, Ms. Reid appealed to the Board. On October 5, 2006, the Board conducted a telephonic hearing. For the hearing, Ms. Reid provided additional medical evidence consisting of two CA -17 forms. The first form, dated April 29, 2004, recommended Ms. Reid's lifting and carrying be limited to fifteen pounds for six hours a day, standing six hours a day, twisting four hours a day, simple grasping one hour a day, and reaching above her shoulder one hour a day. The second form, dated May 5, 2004, cleared Ms. Reid to return to duty. The only restrictions in the second form were that Ms. Reid should be allowed to sit for five minutes each hour a day and kneeling was limited to four hours a day.

On December 14, 2006, the Board affirmed OPM's reconsideration decision. On review of the evidence, including the CA-17 forms, the Board found no documented deficiencies in Ms. Reid's performance of her job except her unsatisfactory attendance. The Board further found that Ms. Reid's evidence did not establish that she had a condition of sufficient severity to satisfy the statutory requirements for disability retirement. In particular, the Board held that Ms. Reid's evidence did not provide a reasoned explanation showing that her condition rendered her unable to perform as a mail handler.

On appeal to this court, Ms. Reid argues the Board erred by not applying the Mullins-Howard exception in deciding her appeal. Mullins-Howard v. Office of Pers. Mgmt., 71 M.S.P.R. 619, 627 (1996) (holding that where the proffered medical evidence unambiguously and without contradiction indicates that the appellant cannot perform the

duties or meet the requirements of the position, the Board may link the medical evidence to the job duties and requirements and find that the appellant is entitled to a disability retirement even in the absence of reference in the medical evidence to specific job duties or requirements). See also Lydon v. Office of Pers. Mgmt., 105 M.S.P.R. 152, 157 (2007).

## II

This court must affirm any agency action, findings, or conclusions unless they are: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). In an appeal of a Board decision denying disability retirement benefits under FERS, this court may not review the Board's factual determination as to whether Petitioner was disabled within the meaning of the FERS statute. Trevan v. Office of Pers. Mgmt., 69 F.3d 520, 523-24 (Fed. Cir. 1995). This court may consider, however, whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" Id.

Ms. Reid argues the Board committed legal error by not applying the Mullins-Howard exception to link her proffered medical evidence to the specific job duties of a mail handler to find that she is entitled to a disability retirement. The appellant in Mullins-Howard provided overwhelmingly unambiguous and uncontradicted evidence that she suffered from such severe mental incapacity that she was unable to leave her

home and was incapable of performing any of her duties at home. <u>Mullins-Howard</u>, 71 M.S.P.R. at 627. In the present case, however, both OPM and the Board reviewed the evidence and found no evidence that Ms. Reid's condition prevented her from performing the essential duties of her position. Further, the second CA-17 form contradicts Ms. Reid's assertion that her condition was severe enough to prevent her from performing. Thus, the Board properly determined that <u>Mullins-Howard</u> does not apply. Because we find no reversible error in the Board's decision, this court affirms.